IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BETH NELSON FISH,
MICHAEL WAYNE MARTIN and
WILLIAM D. MARTIN, SR.,

    Plaintiffs,

v.                              Civil Action No. 5:13CV120
                                             (STAMP)

WILLIAM CAPOUILLEZ and
GEOLOGICAL ASSESSMENT AND
LEASING, a foreign limited
liability company not
authorized to do business in
the State of West Virginia,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO REMAND,
DENYING MOTION TO STRIKE,
DENYING WITHOUT PREJUDICE MOTION
TO COMPEL ARBITRATION AND STAY
AND DENYING WITHOUT PREJUDICE MOTION TO STAY
PENDING RULING ON MOTION TO COMPEL ARBITRATION**

I.    Background

    The plaintiffs, Beth Nelson Fish, Michael Wayne Martin, and William D. Martin, Sr., commenced this action in the Circuit Court of Ohio County, West Virginia, alleging that the defendants, William Capouillez ("Capouillez") and Geological Assessment and Leasing, engaged in the unlawful practice of law. The plaintiffs assert that the parties entered into an agreement, in which the defendants were to act as the plaintiffs' consultants and representatives in matters relative to the procurement, negotiation, execution and performance of an oil and gas lease.

The plaintiffs state that, in return for their services, the defendants charge a fee based on the payments the plaintiffs were to receive from the lease. The plaintiffs request that this Court determine that the payment of fees based on such agreement is void due to the defendants' unauthorized practice of law.

The defendants removed this action to this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. The plaintiffs then filed a motion to remand this action, in which they argued that defendants have not established that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. The plaintiffs assert that the defendants only state in the notice of removal that the defendants believe it is more likely than not that the amount in controversy exceeds that amount, which the plaintiffs assert is insufficient for removal.

The defendants responded in opposition to the motion to remand. First, the defendants state that sufficient evidence establishes that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. In support of this argument, the defendants attach an affidavit from defendant Capouillez, which states among other things that his royalty payments are alone worth $5,000.00 per acre, and because there are 44.94 acres of land involved, the total amount involved clearly exceeds $75,000.00. Defendant Capouillez' estimates are based on what he has received pursuant to a separate lease of property owned by Helen and John

Tominack (hereinafter "Tominack lease"). Second, the defendants argue that the value is based on the lease agreement, regardless of whether the plaintiffs plead a certain monetary amount, and the lease is worth millions, which is far in excess of the jurisdictional amount. Third, the defendants argue that if this Court were to use its common sense, it would also find that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Fourth, the defendants argue that should the Court feel that it needs more evidence, the Court should allow very limited discovery, as they believe Chesapeake Appalachia, LLC may have documents supporting the amount in controversy.

The plaintiffs replied, which reply was styled as a motion to strike and reply, wherein they first request that this Court strike the affidavit from defendant Capouillez. The plaintiffs argue that this Court is limited to considering the facts on the record at the time of removal. Because the defendants did not file the affidavit with their notice of removal, but instead waited to file it in conjunction with their response to the motion to remand, the plaintiffs assert that this Court cannot consider such affidavit and as such, this Court should strike the affidavit. Even if this Court does not strike the affidavit, however, the plaintiffs argue that the affidavit should be afforded no weight because the circumstances described in it are not specific to the subject case. The plaintiffs also assert that the defendants in their response

3

misstate the relief sought by the plaintiffs, as the plaintiffs are not seeking to void the underlying oil and gas lease.

The defendants then filed a response in opposition to the motion to strike arguing that the Court may consider the affidavit in determining whether the amount in controversy requirement is met, and the interests of fairness, judicial efficiency, and economy strongly favor consideration of the affidavit. The plaintiffs then filed a reply to the motion to strike the affidavit, asserting again that this Court should strike the affidavit and the law that the defendants cited in support of their response is not applicable to this case.

For the reasons stated below, this Court grants plaintiffs' motion to remand and denies plaintiffs' motion to strike. Further, the defendants' motion to compel arbitration and stay and defendants' motion to stay pending a ruling on the motion to compel arbitration and stay are denied without prejudice to refiling in state court, if appropriate.

II. <u>Applicable Law</u>

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where

the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. See <u>Mulcahey v. Columbia Organic Chems. Co., Inc.</u>, 29 F.3d 148, 151 (4th Cir. 1994). This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. <u>Id.</u> Although courts strictly construe the statute granting removal jurisdiction, <u>Doe v. Allied Signal, Inc</u>., 985 F.2d 908, 911 (7th Cir. 1993), the court is not required "to leave common sense behind" when determining the amount in controversy. <u>Mullens v. Harry's Mobile Homes</u>, 861 F. Supp. 22, 24 (S.D. W. Va. 1994). When the amount in controversy is not apparent on the face of the plaintiff's complaint, the federal court must attempt to ascertain the amount in controversy by considering the plaintiff's cause of action as alleged in the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record. 14C Charles Allen Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 3725 at 73 (3d ed. 1998). However, the court is limited to examining only evidence that was available at the moment the petition for removal

was filed. Chase v. Shop 'N Save Warehouse Foods, 110 F.3d 424, 428 (7th Cir. 1997).

III. Discussion

A. Affidavit Evidence

As this Court has noted a number of times, removal cannot be based upon speculation and "bare allegation[s] that the amount in controversy exceeds $75,000." See Asbury-Casto v. Glaxosmithkline, Inc., 352 F. Supp. 2d 729, 731 (N.D. W. Va. 2005); and Haynes v. Heightland, No. 5:05CV127, 2006 WL 839512 at *3 (N.D. W. Va. Mar. 28, 2006). With regard to claims for which the plaintiffs make no specific damages demand, a removing defendant must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice. See Bartnikowski v. NVR, Inc., 307 F. App'x 730, 737 (4th Cir. 2009) (unpublished) (finding that amount in controversy not shown when defendant "has put forth no evidence of its own to support [the claimed amount in controversy, but] rather, has only presented a conjectural argument").

The defendants' notice of removal states only the percentages they are to receive pursuant to the agreement, which are 10% of any bonus rental payment, 12.5% of any delay rental payments in perpetuity, and 1.5% royalty payments in perpetuity, and the acreage that the agreement applies to, which is 44.64 acres. The defendants assert that based on these percentages and the acreage, they believe the amount in controversy exceeds $75,000.00 exclusive

6

of interest and costs.  The plaintiffs assert that this is only speculation and is not sufficient to establish the amount in controversy.  The defendants in response, produced the affidavit of defendant Capouillez, which estimates the royalty payments to be at least $5,000.00 per acre.

While the plaintiffs assert that this Court should strike defendant Capouillez's affidavit, this Court finds that even assuming it could consider the affidavit as evidence of the amount in controversy, the affidavit itself is based on speculative estimates.[1]  In his affidavit, defendant Capouillez states that the wells drilled in the area near plaintiffs' property can be expected to generate six figure royalty payments per acre over a 25-year period.  He then provides documents concerning the royalty payments based on the Tominack lease, and estimates that based on these payments, the payments based on the plaintiffs' lease would be worth more than $5,000.00 per acre.  He further states that if he transferred or sold his royalty payments to a third-party, the resale value is also $5,000.00 per acre.  These estimates, however,

---

[1] This Court is aware that a similar case exists with the same defendants, wherein the court denied the leasee's motion to remand. See Tominack v. Capouillez, No. 5:13CV121, 2013 WL 5913848 (N.D. W. Va. Nov. 4, 2013).  The figures used in the calculation provided in the affidavit in that action, however, were based on actual payments received pursuant to the agreement at issue in that case. The payments were not speculative estimates of what the defendants expected to receive.  No such information concerning any payments pursuant to the lease or agreement in this case is available or has been provided to this Court.

7

are only speculation and based solely on what defendant Capouillez expects he will receive pursuant to the agreement. There is no proof that any wells have been or ever will be drilled, unlike with the Tominack lease. Accordingly, this Court finds that the affidavit does not itself provide sufficient evidence to meet defendants' burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.[2] See McMahon v. Advance Stores Co., Inc., No. 5:07CV123 , 2008 WL 183715 *8 (N.D. W. Va. Jan. 18, 2008) ("This Court concludes that the defendants' calculations, based as they are upon unfounded assumptions and ill-defined estimates, cannot be deemed reliable bases for calculating the amount in controversy in this case."); see also Laws v. Priority Trustee Services of N.C., LLC, No. 3:08CV103, 2008 WL 3539512 *2 (W.D. N.C. Aug. 11, 2008) ("Regardless of the standard, it is clear that a proponent of federal jurisdiction cannot base the amount in controversy on unstated assumptions and estimates.").

---

[2]This Court recognizes that the defendants also assert that based on common sense alone, this Court should deny plaintiffs' motion to remand. While this Court knows that it does not have to leave its common sense behind when deciding a motion to remand, it does not view the value of the royalty agreement as being so clearly in excess of the jurisdictional amount to deny remand solely on its common sense, as all payments are only speculative estimates.

B. <u>Value of Object Argument</u>

The defendants next argue that the plaintiffs' entire motivation for filing this action is to void the underlying lease with Chesapeake Appalachia, LLC, and the plaintiffs have thus, put into dispute the entirety of the lease. The defendants assert that as a result, the value of the lease, which they allege to be in the millions, should be taken into account when determining whether the amount in controversy exceeds $75,000.00. The plaintiffs assert that they are not seeking to void the entire lease, and voiding the aspects of the lease relating to the defendants' royalty payments would not void the remainder of the lease it has with Chesapeake Appalachia, LLC.

"'In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" <u>McCoy v. Erie Ins. Co.</u>, 147 F. Supp. 2d 481, 492 (S.D. W. Va. 2001) (quoting <u>Hunt v. Washington State Apple Adver. Comm'n</u>, 432 U.S. 333, 347 (1977)). In assessing the value of the object of the litigation, the United States Court of Appeals for the Fourth Circuit looks at the pecuniary result to either party which a judgment would produce. <u>Dixon v. Edwards</u>, 290 F.3d 699, 710 (4th Cir. 2002) ("[T]he test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would

9

produce.'") (quoting <u>Gov't Emp. Ins. Co. v. Lally</u>, 327 F.2d 568, 569 (4th Cir. 1964)).

The plaintiffs at no time in their complaint or motion briefing indicate that they are seeking to void the underlying lease. The plaintiffs only state that they seek the agreement concerning the payments to the defendants to be declared void. The pecuniary result involved, therefore, is the possible loss or retention of the royalty payments. Accordingly, the royalty agreement is the object of the litigation, not the lease. As stated above, the defendants have not set forth sufficient evidence to establish that the royalty agreement involved exceeds $75,000.00.

C. <u>Discovery Argument</u>

The defendants next argue that they should be permitted to conduct very limited discovery to provide this Court with more evidence and material to establish that the amount in controversy exceeds $75,000.00. The Fourth Circuit has stated that "the decision of whether or not to permit jurisdictional discovery is a matter committed to the sound discretion of the district court." <u>Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory</u>, 283 F.3d 208, 216 n.3 (4th Cir. 2002) (citations omitted). This Court finds that in this instance it is not appropriate to allow such discovery. Accordingly, this Court denies defendants' request for any further discovery in this Court.

IV.  Conclusion

For the reasons stated above, the plaintiffs' motion to remand (ECF No. 6) is hereby GRANTED and the plaintiffs' motion to strike (ECF No. 9) is hereby DENIED.  Accordingly, defendants' motion to compel arbitration and stay (ECF No. 18) and defendants' motion to stay pending a ruling on the motion to stay and compel arbitration (ECF No. 20) are DENIED WITHOUT PREJUDICE to being raised in state court, if appropriate.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    April 14, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE